## Robert B. Forbes *vs.* American Mutual Life Insurance Company.

*It seems,* that the husband of the sister of a person whose life is insured, and who pays the premiums of insurance as agent of that person, has a sufficient interest to maintain an action to recover the whole amount insured on a policy made payable to him, although the policy contains a condition that " policies obtained by or made payable to creditors, or persons not belonging to the family of the person whose life is insured, are subject to proof of interest, and the company will pay upon such policies no greater sum than the amount or value of such interest."

Want of insurable interest in the plaintiff cannot be set up in defence of an action on a policy of life insurance, *if the answer does not specify it,* but denies liability on other grounds.

In a policy of life insurance made in Boston, and in the application for insurance, referred to and made part of the policy, the assured was described as residing at Valparaiso. The policy contained a printed permission to the insured to visit certain foreign countries, among which South America was not included. An indorsement on the policy gave permission to the insured to reside at Valparaiso upon the payment of a sum not named, leaving a blank for the amount. *Held,* that the assured had the right to reside in Valparaiso without further permission or payment; and that a sum paid by the payee of the policy and agent of the insured, without authority from him or

knowledge of the provisions of the policy, for permission for his principal to reside at Valparaiso for one year, did not vary the contract, and might be recovered back from the insurers.

In an action on a policy of insurance, the declaration need not set out conditions subsequent.

ACTION OF CONTRACT against a mutual life insurance company, established at New Haven, Conn. The declaration contained two counts. The first count alleged that the defendants made a policy of insurance at Boston on the 5th of December 1851, by which they insured the life of Thomas T. Smith, of Valparaiso in Chili, in the sum of $ 5000, for the benefit of the plaintiff, upon payment of the sum of $ 191.88, and of an annual premium of $ 178.50 in advance in January of each year, which the plaintiff paid until and including the year 1854, whereby the defendants became bound to pay to the plaintiff the sum of $ 5000 in case Smith should die during that time; that Smith died on the 20th of February 1854, and the defendants had notice of his death on the 26th of August 1854, and were bound to pay to the plaintiff the sum of $ 5000 within ninety days, and owed the plaintiff that sum, and interest. The second count was for $ 75.90 paid to the defendants by mistake in January 1853, for permission to Smith to voyage to and from the United States and Chili without prejudice to the insurer, and interest thereon.

The defendants in their answer admitted that they made a policy of insurance upon the life of Smith, a copy of which, with the indorsement thereon, they filed in court, and denied that they ever made any other policy on his life; admitted that the annual premium was paid in January 1854, and that they thereby became bound to pay the sum of $ 5000 in case Smith should die during the year 1854, without having violated the terms of the policy, or in case the policy should continue in force to the time of his death; left the plaintiff to prove his death, and admitted notice thereof as alleged in the declaration, but denied that they were bound to pay the sum of $ 5000 and interest, for the following reasons: That Smith was insured at Boston, where he was understood to be residing at the time, and that at the time of his alleged death he was and had been residing at

Valparaiso ; that by the terms of the policy he was not author-
ized to visit or reside at Valparaiso or any part of South Amer-
ica, without express permission in writing from the defendants ;
that Smith, well knowing and so understanding the policy, ob-
tained from the defendants the permit indorsed on the policy,
and afterwards another permit, (a copy of which was annexed to
the answer,) and paid therefor the sum of $ 67.50, which permits,
by reason of the nonpayment of the sums to be paid thereon,
had expired before the date of the alleged death, the last having
expired on the 13th of February 1854 ; and that Smith, by his
unauthorized visit and residence at Valparaiso, and by the
nonpayment of the sums to be paid under these permits, had
violated and broken the conditions of the policy and of the per-
mits, and the same thereby became null and void, and the risk
and obligation of the defendants terminated.

At the trial before *Merrick,* J., the plaintiff offered in evidence
a policy of insurance, numbered 3264, (corresponding with the
copy annexed to the answer,) by which the defendants at Boston,
on the 5th of December 1851, in consideration of the sum of
$ 191.88 to them paid by Smith, " for the benefit of" the plain-
tiff, insured " the life of Thomas T. Smith, of Valparaiso in
Chili in South America, in the amount of five thousand dollars
for the term of his natural life," and promised Smith to pay that
amount to the plaintiff within ninety days after notice and
proof of Smith's death ; and it was agreed that Smith might in
time of peace and health cross the Atlantic Ocean and visit and
travel to certain parts of Europe and North America at certain
seasons ; and provided that if he should cross the Atlantic Ocean,
or visit or travel to such parts at other times or seasons, or if
there should be found any untrue statements in the application
upon the faith of which the policy was issued, the policy should
be void. The policy was declared to be made and accepted in
reference to that application, " and to conditions annexed to the
policy, all of which are to be used and resorted to, to explain and
protect the rights of all the parties herein concerned."

Among the " conditions of insurance " annexed were the fol-
lowing : " This policy is not binding on the company during the

nonpayment of any premiums due upon it; and in case the premium is unpaid on the day the same is due and payable, the policy is null and void, until the company revive it by receiving the premium due." " Policies obtained by or made payable to creditors, or persons not belonging to the family of the person whose life is insured, are subject to proof of interest, and the company will pay upon such policies no greater sum than the amount or value of such interest, unless the holder or holders of the policy (for good and sufficient reasons) obtain of the company an indorsement upon the policy, wherein they waive their right to proof of interest in event of death."

Indorsed on the policy was this permit, signed by the defendants, and dated December 3d 1851: " Sea and climate risk, No. 3264. $ 5000. In consideration of　　　dollars, the receipt of which is acknowledged, permission is hereby given Mr Thomas T. Smith, insured herein, to voyage to and reside at Valparaiso in Chili, South America, for one year from the date hereof, without prejudice to the within policy; and to continue said residence thereafter, without prejudice to said policy, on the payment of　　　dollars annually, in addition to the regular premium, while he continues said residence. The insured is also permitted to return to the United States and voyage back to Valparaiso, during the continuance of this policy, on the payment of $ 25 for each and every voyage."

The defendants objected to the admission of the policy in evidence, upon the ground of a variance from that set out in the declaration, which was not upon condition, but purported to be unlimited as to the countries within and into which the assured might reside and travel, without the previous consent and permission of the defendants. But the judge overruled the objection, and permitted the policy to go to the jury.

The plaintiff introduced the original application for insurance, in which, in answer to printed questions, Smith's residence was stated to be Valparaiso, and his occupation that of a merchant.

The plaintiff was permitted, the defendants objecting to their competency to affect the contract of insurance contained in the written documents, to give in evidence certain letters between

Smith and the defendants, which tended to show that in the negotiation for the contract Smith refused to pay any climate risk for a residence at Valparaiso, to which the defendants consented, and thereupon delivered the policy in the form in which it was produced.

The plaintiff testified that Smith was his wife's brother; was in Boston in December 1851; left Boston on the 5th, and New York on the 6th, of December 1851 for Valparaiso (where he had resided many years) not expecting or intending to return; never did return, and died at Valparaiso on the 20th of February 1854; that Smith made the negotiation for the policy, and the plaintiff had no personal knowledge in regard to it; and that when the policy was issued it was handed to the plaintiff.

The defendants' actuary at Boston testified that Smith applied to him in December 1851 for a policy of insurance upon his life; that the witness forwarded to New Haven the written application, and received back the policy after Smith had left Boston, and delivered it to the plaintiff; that in January 1853 he received from the defendants the following permit, signed by them, (a copy of which was annexed to the defendants' answer,) countersigned and delivered it to the plaintiff, and received from him the money therein mentioned: " $ 5000. Policy No. 3264. Foreign residence and sea risk. $ 67.50. For and in consideration of 67.50 dollars, to be paid annually, or half or quarter-yearly, in advance, permission is hereby given Mr. Thomas T. Smith, of Valparaiso, Chili, South America, insured for $ 5000, under policy No. 3264, to voyage to and from the United States and Chili, South America, and reside in Chili, without prejudice to his said policy of insurance, so long as the extra premium herein charged is paid in the manner above provided. This permit is to take effect when its conditions are complied with and this permit is countersigned by Oliver Brewster, actuary, Boston."

It was agreed that this payment was made by mistake, unless upon the construction of the policy, the application and the two permits, the defendants had the right to insist upon the payment of a climate premium upon the continuance in force of the policy for another year.

The defendants objected that the plaintiff could not recover, because he had not proved any insurable interest in the life of Smith. But the judge ruled that this objection was not open under the pleadings.

The defendants contended that the action could not be sustained, because by the policy and the indorsement thereon Smith was insured in Boston, and as a resident of Boston, without any right to cross the Atlantic Ocean or reside abroad without the defendants' consent, which right was limited by the indorsement to voyaging to and residing at Valparaiso for one year, and to continue such residence afterwards upon payment of a sum to be thereafter fixed by agreement, and which never was fixed ; that the subsequent permit of January 1853 became part of the contract between the parties, by which they had agreed, and acted upon the construction, that Smith should not reside abroad, except upon the terms and conditions therein contained ; and that having done so, without permission, the policy had expired before his death.

A verdict was taken by consent for the plaintiffs upon both counts, and the case reported for the determination of the full court.

*C. B. Goodrich & H. A. Scudder*, for the defendants.

*S. Bartlett & F. W. Palfrey*, for the plaintiff.

HOAR, J. The question, what is such an interest in the life of another as will support a contract of insurance upon the life, is one to which a complete and satisfactory answer, resting upon sound principles, can hardly yet be said to have been given. It was fully discussed and considered in the recent case of *Loomis* v. *Eagle Life & Health Ins. Co.* 6 Gray, 396, and it is there said by the chief justice of this court, that "perhaps it would be difficult to lay down any general rule as to the nature and amount of interest which the assured must have." As the premium is intended to be a precise equivalent for the risk taken, it would seem that the contract is a just and equitable one, whether any interest in the life exists or not; and that the only essential inquiry is, whether the object of the contract is such as to obviate the objections to a mere wager upon the chances of human life.

In this case, the policy was procured by Thomas T. Smith upon his own life, and the first payment of the premium upon it was made by him. It was made payable to the plaintiff, the husband of his sister, and the subsequent payments were made by the plaintiff as his agent; but the promise of the company is to and with Smith. The policy appears to have been really, if not nominally, for the benefit of Smith, and the interest of the plaintiff to be simply that of a trustee. Under such circumstances, we think no question could have arisen as to the sufficiency of the interest, unless on account of the conditions of insurance annexed to the policy, by one of which it is stipulated that " policies made payable to creditors, or persons not belonging to the family of the person whose life is insured, are subject to proof of interest, and the company will pay upon such policies no greater sum than the amount or value of such interest," unless a waiver of such proof is indorsed upon the policy. But while we are inclined to the opinion that, even under this condition, the plaintiff would be entitled to recover we are relieved from the necessity of considering the point, b-- the decisive fact that no such issue is raised by the pleadings. The defendants, by their answer, expressly admit their liability upon the policy, which they set forth, " in case the said Smith should die during the year 1854, without having violated the terms and conditions of said policy." They indeed add that they do not owe and are not bound to pay the sum claimed by the plaintiff; but proceed to say that they are not thus bound for certain specific reasons, which they set forth in detail; and among these is not any allegation of a want of insurable interest in the plaintiff. We think it clear therefore that the objection of the want of such an interest is not open to them, and that the plaintiff was not required to come to the trial prepared to prove it.

But the ground of objection to the plaintiff's recovery, chiefly relied on by the defendants, is this; that Smith had no right under the contract to reside at Valparaiso without the payment of an additional premium, which was not paid for the year 1854, and that the policy thereby became void, and the liability of the company ceased.

By the policy, the life of Smith is insured as an inhabitant of Valparaiso, and in the application for insurance, which is referred to by a proviso upon the policy, stating that "this policy is made and accepted in reference to the application and declarations made to this company, which are to be used and resorted to, to explain and protect the rights of all the parties," his residence is declared to be at Valparaiso. It is also noticeable that there is in the policy and conditions of insurance no prohibition of travelling to or residing in South America; that no statement or declaration in the application shows that such a prohibition was in the contemplation of the parties; and that if any restriction upon the liberty of the person whose life was insured to reside or travel anywhere at his pleasure, excepting in and to the places specifically enumerated in the printed proviso, was created under the contract, it must be derived by implication from the permission to travel to certain places named, or from the indorsement upon the policy. Such an implication would indeed be a reasonable one, because it is obvious that a permission to go to certain places named would be without reason or effect if the contract already allowed the person insured to go, not only to those places, but to any others. But we cannot think that such an implied restriction, derived from a printed clause, should be allowed to control the direct meaning and purpose of the policy, to be gathered from the written parts of that instrument. An insurance upon the life of Smith, as a resident of Valparaiso, for a premium agreed on, gave him a right to reside there, without further permission or payment. The indorsement upon the policy of a permission to reside there upon the payment of a sum not named, leaving a blank for the amount not filled up, and delivered intentionally in that condition, cannot operate to deprive the party insured of a privilege for which he had already, in the completed parts of the instrument, contracted and paid.

Treating the indorsement therefore as a part of the contract at the time the policy was delivered, we are of opinion that the plaintiff was under no obligation to pay any sum for the privilege of residence at Valparaiso; and this decision renders it un-

important to consider the effect of the letters which were offered in evidence, or to consider whether they would be admissible for any other purpose than to rebut any claim or proof by the defendants that the contract, as it was delivered, was not complete, or was intended to have its blanks filled according to some further arrangement.

The further objection that the declaration should have set out the conditions of the insurance, and that these conditions constitute a variance between the contract offered in evidence and that declared on, cannot prevail, because they are conditions subsequent. While a breach of them would therefore operate as a bar to the plaintiff's recovery, their performance does not constitute a part of his cause of action.

The permit which was issued in January 1853 was not granted by the defendants in pursuance of any contract made by the parties, and is shown to have been accepted by the agent of the plaintiff without authority from his principal to do any act to modify or change the contract already made, and under a mistake of fact. It cannot therefore be resorted to, to diminish the privilege of foreign residence before granted, or to subject it to any new condition; and the money, having been paid by mistake, may be recovered back in this action.

*Judgment upon the verdict for the plaintiff.*